MARSHALL P. MEADOWS, APPELLEE, v. DAVID BRADLEY &
COMPANY, APPELLANT.

FILED MAY 17, 1913.   No. 17,190.

1. Appeal: INSTRUCTIONS: EXCEPTIONS.   Ordinarily a party who fails
   to call the attention of the trial court to alleged errors in in-
   structions by taking exception at the time of trial is not entitled
   to a review of the same in this court.

2. Evidence on the part of plaintiff examined, and *held* to support the
   verdict.

APPEAL from the district court for Saline county:
LESLIE G. HURD, JUDGE.   *Affirmed.*

*Hastings & Ireland, Harl & Tinley* and *Grimm & Grimm,*
for appellant.

*Brown & Venrick, contra.*

LETTON, J.

Action to recover damages for breach of contract, and
for the reasonable value of labor and material furnished
defendant.   Plaintiff's petition alleges that defendant
agreed to sell him a second-hand threshing outfit; that the
outfit was to be made capable of doing as good work as
new; that it was to have a new weigher, a new blower, and
a new feeder attached; and defendant was to transfer to
him a number of threshing contracts for work to be done
for certain farmers with the machine.   He alleges that
the defendant shipped a machine worthless for threshing
purposes, and without the new appliances mentioned;
that immediately upon its arrival he refused to accept the
same until the defective parts were remedied and the
machine proved capable of doing good work, and that this
was never done.   It is also alleged that at the request of.
defendant he accompanied the threshing outfit to the farms
of those with whom the defendant held the contracts, and

furnished labor and materials to aid in the work, amounting in all to $70.80. He prays judgment for damages by loss of profit on the contracts in the sum of $225, and for the amount mentioned for labor and material.

The defendant answered, setting up a general denial, and also pleading that the contract was in writing, and contained a number of conditions and warranties, which provide for the giving of notice of defects to the company by registered mail stating wherein the machinery fails to fill the warranty, and providing special remedies for the purchaser.

The evidence shows that the plaintiff had been negotiating with one Pine, who was selling machines for the defendant, for the purchase of a second-hand machine, and that they went to Council Bluffs together to look at the outfit; that an agreement was made, and the machinery was shipped to plaintiff in care of Pine at Hoag, Nebraska. Pine paid the freight. Plaintiff complained of the condition of the machine as soon as he saw it, and refused to accept it until it was shown that it was capable of doing the work for which it was purchased, and the new parts furnished. It is also shown that the labor and materials sued for were furnished by him at Pine's request after he had refused to accept the machine. Defendant's employees worked with the machine for some time, and the defendant collected the money for the threshing that was done by the machine while plaintiff was helping.

The errors which the trial court are alleged to have committed are not clearly pointed out in the brief, but we understand the argument to be, first, that the court erred in its instructions given upon its own motion; and, second, that the evidence does not support the verdict. The court eliminated any recovery for damages for breach of contract, and submitted only the question as to the reasonable value of plaintiff's services performed under a contract of employment made by defendant through Pine. No exceptions were taken to the charge of the court.

Under the settled rule, appellant cannot now complain

of error therein. We have read the instructions, however, and believe they clearly and fairly stated the issues. It is complained that the evidence did not justify the submission to the jury of the question of whether Pine was the defendant's agent. At the trial defendant took another view of this point. In an instruction given at its request, it stated: "Among the other allegations set forth is the allegation that Pine was the agent of the defendant, and some testimony has been introduced tending to establish that fact. It is for the plaintiff to establish that fact by a preponderance of the evidence," etc. We are of the opinion there was not only "some evidence," but enough evidence to warrant this question being left to the jury to settle.

It is argued that plaintiff did not comply with the conditions and terms set forth in the written order. This is true; but the machine was second-hand, and the contract expressly provides "the above warranties and conditions shall not refer to second-hand engines and machinery," hence he was not required to do so.

The evidence, while conflicting, seems to be sufficient to warrant the verdict, both on the score of the agency of Pine and the work and material furnished, as well as on the point of there being no settlement made between plaintiff and defendant's agent, Noonen, who, it is asserted, settled the account when he took over for defendant the remainder of the machine oil on hand.

We find no prejudicial error in the record, and the judgment of the district court is therefore

AFFIRMED.

REESE, C. J., ROSE and FAWCETT, JJ., concur.

BARNES, SEDGWICK and HAMER, JJ., not sitting.